# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

ANDRE CHRISTOPHER MYERS, )
)
    Movant, )
)
v. ) Case No. CV413-221
) CR495-123
UNITED STATES OF AMERICA, )
)
    Respondent. )

## ORDER

In 2013, Andre Christopher Myers filed his fourth 28 U.S.C. § 2255 motion attacking the same drug conviction that he has previously challenged under § 2255. CR495-123, doc. 1206, *see also* docs. 803, 849, 863 (first § 2255 motion and rulings denying it); docs. 1063 & 1064 (second § 2255 motion and adverse ruling); docs. 1155 & 1161 (third § 2255 motion and adverse ruling). Applying § 2255 Rule 4(b), the Court *sua sponte* dismissed it as successive. Doc. 1216, *adopted*, doc. 1219. It did that prior to the Eleventh Circuit's issuance of *Boyd v. United States*, 754 F.3d 1298, 1301-02 (11th Cir. 2014) (prisoner's fourth § 2255 motion, seeking resentencing in light of vacatur of state convictions used to enhance his federal drug sentence, was *not* successive; basis of prisoner's

motion, that his state court convictions had been vacated, did not occur until after his initial motion took place, and prisoner's second and third motions were not resolved on merits, since they were dismissed as second or successive). Applying *Boyd*, the Eleventh Circuit held that Myers' § 2255 motion was *not* successive "because his actual innocence claim based on the vacatur of his state-court conviction did not exist [in 2002, when this Court denied his first § 2255 motion on the merits]." *Myers v. United States*, 2015 WL 3482842 (11th Cir. June 3, 2015); doc. 1252.[1]

---

[1] *Boyd* applied

> *Stewart v. United States*, 646 F.3d 856 (11th Cir.2011), [where] we addressed the issue of whether Stewart's second-in-time § 2255 motion, which challenged his sentence based on the vacatur of his prior state court convictions that did not exist at the time that he filed his initial § 2255 motion, was second or successive. Stewart's judgment became final in May 2003. *Id.* at 857. He filed a "Motion for Equitable Tolling of the Time Period for the Filing of a § 2255 [Motion]," which was denied, and a § 2255 motion, which was dismissed as time-barred, in 2004. *Id.* In 2008, Stewart's state court convictions were vacated. The following month Stewart filed a second § 2255 motion, requesting the vacatur of his career offender enhancement pursuant to *Johnson v. United States*, 544 U.S. 295, 125 S.Ct. 1571, 161 L.Ed.2d 542 (2005). *Stewart*, 646 F.3d at 858. The district court dismissed Stewart's second § 2255 motion as successive. *Id.* We reversed and held that because the factual basis for Stewart's claim did not exist before his proceedings on his initial § 2255 motion concluded, Stewart's numerically second motion was not second or successive and § 2255(h)'s gatekeeping provision did not apply. *Id.* at 865.

*Boyd*, 754 F.3d at 1301-02. Nevertheless, movants cannot sit on vacated state court convictions. They must file their § 2255 motions within one year of that new fact. *Boykin v. United States*, 592 F. App'x 809, 812 (11th Cir. 2014) (§ 2255 motion, challenging sentence enhancement that had been made on the basis that one of three predicate convictions had been vacated by state court, was successive; claim regarding

Hence, Myers' motion is back before the Court on preliminary review under Rule 4(b). Again, he claims that he has gotten a prior state court conviction -- used to enhance his sentence here -- vacated. He argues that he is entitled to relief pursuant to *McQuiggin v. Perkins*, 569 U.S. ___, 133 S. Ct. 1924 (2013) (actual innocence meets the miscarriage of justice exception, which applies to the time bar in 28 U.S.C. § 2244(d)(1), so a petition based on actual innocence is timely, even if filed after the one-year period) and *Spencer v. United States*, 727 F.3d 1076, 1091 (11th Cir. 2013) (erroneous career offender designation is cognizable under a *timely filed*, § 2255 motion even in the case of a defendant sentenced after *Booker*). Doc. 1206 at 14-19.

The Court's § 2255 form asked Myers to explain why his § 2255 motion is not barred by § 2255(f)'s one-year time limit. Doc. 1 at 12. Myers does not contend that the state court conviction was recently vacated. In fact, it was in 2008. *Myers*, 2015 WL 3482842 at * 1 ("In 2008,

---

vacated state conviction had been in existence when movant filed his second motion and district court denied that claim on the merits as untimely, having been filed over two months past one-year filing deadline); *see also Futch v. United States*, 2015 WL 160084 at * 1 (S.D. Ga. Jan. 12, 2015) ("a petitioner has one year from the date the state court conviction was vacated to file a corresponding habeas petition in federal court, regardless of whether that petition would be considered successive or not.") (applying *Bazemore v. United States*, 595 F. App'x 869, 873 (11th Cir. 2014)). The *Boyd* panel, incidentally, remanded Boyd's case to determine whether his § 2255 motion was timely. *Boyd*, 754 F.3d at 1301 n. 4.

after [this Court] had already denied Myers's first § 2255 motion on the merits, a state court vacated one of Myers's previous felony drug convictions."). Rather, he relies on *McQuiggin*'s issuance in 2013, the year he signed the instant § 2255 motion. *Id.* at 15, 16. So, he invokes § 2255(f)(3)'s newly recognized right exception to restart the one-year limitations clock.

It is true that actual innocence can serve "as a gateway through which a petitioner may pass whether the impediment is a procedural bar . . . or expiration of the statute of limitations." *McQuiggin*, 133 S. Ct. at 1928. But Myers is out of luck if this Court joins others in ruling that *McQuiggin* is not a "§ 2255(f)(3) right" because it is not retroactive in collateral review cases.[2] Beyond that, he must show that he was

---

[2] The Court has not located an Eleventh Circuit case that definitively speaks to this. As explained elsewhere:

> *McQuiggin* is limited to "an untimely first federal habeas petition alleging a gateway actual-innocence claim." [133 S.Ct.] at 1934. *McQuiggin* requires that a claim of actual innocence meet the "demanding" standard of *Schlup v. Delo*, 513 U.S. 298, 115 S.Ct. 851, 130 L.Ed.2d 808 (1995). *Id.* at 1936. The Court did not announce that *McQuiggin* was a new and retroactively-applicable right. *See Stewart v. United States*, No. 15–cv–73–JPS, 2015 WL 477226 (E.D.Wis. Feb.5, 2015); Thomas v. Cross, No. 14–cv–01103–DRH, 2014 WL 5849093 (S.D.Ill. Nov.12, 2014) (the Supreme Court has not declared *McQuiggin* to be retroactive).

*Rutledge v. United States*, 2015 WL 1455634 at * 2 (S.D. Ind. Mar. 30, 2015); *cf.*

sentenced higher than the statutory maximum even without a sentencing enhancement. *See* 28 U.S.C. § 2255(a) (authorizing defendants to attack a sentence that is in excess of that maximum as authorized by law), cited in *Clayton v. United States*, 2013 WL 3381373 at * 3 (W.D.N.C. July 8, 2013).

Other obstacles confront Myers. He is basically arguing "that he should be resentenced because one of his prior drug offenses no longer qualifies as a predicate felony for purposes of the career offender enhancement and that this change is sufficient to toll the statute of limitations under Section 2255(f)." *Holland v. United States*, 2015 WL 1262626 at * 3 (E.D. Va. Mar. 18, 2015). Under *Holland's* reasoning

---

*Bazemore*, 595 F. App'x at 873 (*Stewart* was neither a new fact that began a new limitation period under § 2255(f)(4) nor could it be applied retroactively). Hence, in a somewhat similar case the court ruled that:

> *McQuiggin* also did not restart the clock on Petitioner's statute of limitations. It does not appear that the case announced a "constitutional right" that "has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review," as AEDPA requires if a Supreme Court decision is to set the start date for the statute of limitations. 28 U.S.C. § 2244(d)(1)(C). *McQuiggin* was not the first case to recognize that "a prisoner '... may have his federal constitutional claim considered on the merits if he makes a proper showing of actual innocence.'" *McQuiggin*, 133 S.Ct. at 1931 (quoting *Herrera v. Collins*, 506 U.S. 390, 404–05, 113 S.Ct. 853, 122 L.Ed.2d 203 (1993)). Moreover, it is not apparent that the *McQuiggin* rule is a constitutional rule, and the case's holding has not been made retroactively applicable to cases on collateral review.

*Burton v. Wenerowicz*, 2015 WL 409791 at * 2 (E.D. Pa. Jan. 30, 2015).

(applying Fourth Circuit law), Myers would not meet the threshold requirement for "actual innocence" as set forth in *McQuiggin* because he is not claiming that "in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *McQuiggin*, 133 S. Ct at 1928. Myers' state-court success, then, is just a "status change [that] merely alters the offense's legal significance and does not toll Section 2255's one-year statute of limitations. As such, Section 2255(f)(1), 'the date on which the judgment of conviction becomes final,' controls." *Id.* Hence, this reasoning goes, his claim would be time-barred on these additional grounds.[3]

*Holland's* ruling bleeds into the conviction/sentencing distinction explored by other courts: Whether *McQuiggin* extends to noncapital sentences such as Myers'. *See United States v. Robinson*, 2013 WL 5874012 at * 3 (D. Kan. Oct. 30, 2013) (*McQuiggin* does not extend the

---

[3] The appellate courts have held that actual innocence applies in the context of *capital* sentences as well as convictions. *Sawyer v. Whitley*, 505 U.S. 333, 341-42 (1992) (recognizing the actual innocence of sentence exception in capital cases); *Sibley v. Culliver*, 377 F.3d 1196, 1204-05 (11th Cir. 2004) (applying actual innocence in the capital context). The Eleventh Circuit has reserved the question whether a prisoner can be actually innocent with respect to a noncapital sentence. *McKay v. United States*, 657 F.3d 1190, 1196 (11th Cir. 2011) ("Neither the Supreme Court nor this Court has yet ruled on whether [the] actual innocence of sentence exception extends to the noncapital sentencing context.").

Supreme Court's previous rulings on the actual innocence exception to noncapital sentences); *United States v. Ellis*, 2015 WL 2063987 at * 2 (E.D. Va. Apr. 30, 2015) ("*McQuiggin* does not apply to habeas claims based on actual innocence of a sentence." *United States v. Jones*, 758 F.3d 579, 587 (4th Cir. 2014), *cert. denied*, ___ U.S. ___, 135 S.Ct. 1467 (2015)."). An unpublished Eleventh Circuit case employs reasoning that does not bode well for Myers. *Young v. FCC Coleman*, 587 F. App'x 542, 547 (11th Cir. 2014) ("Moreover, Young's purported actual-innocence claim is actually a sentencing-error claim under [18 U.S.C.] § 924(e), as opposed to the factual-innocence claim at issue in *McQuiggin*. *See id.* at 1935 ('To invoke the miscarriage of justice exception to [the federal habeas] statute of limitations, ... a petitioner must show that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence.').").[4]

---

[4] Hence, that court seemed to say that in the noncapital context one may invoke *McQuiggin* retroactively only for *convictions*, not sentences. The opposite occurred in *Johnson v. United States*, 2015 WL 2094569 (M.D. Fla. May 5, 2015), where the court entertained a *McQuiggin*-based claim for relief in an otherwise untimely filed § 2255 motion: "Petitioner . . . asserts that he is actually innocent of his ACCA sentence enhancement for count three to overcome the statute of limitations." *Id.* at * 2. The court denied it, however, because the movant had "not demonstrated that he is actually innocent of his convictions to overcome the untimely filing of his § 2255 motion." *Id.*

Finally, Myers' only other ground (doc. 1206 at 5, 16-18) relies on *Alleyne v. United States*, ___ U.S. ___, 133 S. Ct. 2151 (2013), but that is not retroactive. *Barkley v. Warden, FCC Jesup*, 2015 WL 3371873 at * 1 (11th Cir. May 26, 2015); *accord King v. United States*, 2015 WL 1898394 at * 4 (11th Cir. Apr. 28, 2015) ("neither *Alleyne* nor *Descamps [v. United States*, 570 U.S. ——, 133 S.Ct. 2276 (2013)] apply retroactively on collateral review as required by § 2255(h)(2), and, thus, King's § 2255 motion was not timely under § 2255(f)(3).").

Nevertheless, the Court will hear from the parties. The government is **DIRECTED** to respond within 30 days of the date the *Myers* mandate is entered. Myers is free to file as many briefs as he wants whenever he wants, but the Court will not wait for him unless he complies with S.D.Ga.Loc.Civ.R. 7.6 (authorizing reply briefs but imposing notice requirements and time limits); *see also Brown v. Chertoff*, 2008 WL 5190638 at *1 (S.D. Ga. Dec. 10, 2008) (reminding that "[o]nce the initial round of briefs have been filed, subsequent replies run the risk of 'sudden death.' That is, the Court is free to issue its decision at any time.").

8

**SO ORDERED**, this 6Th day of July, 2015.

_____
**UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA**